IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)
3:17-CV-280-DJH

WILLIAM H. CREASMAN, III                                        PLAINTIFFS
141 Woodmore Avenue
Louisville, Kentucky 40214

and

SARAH C. CREASMAN
141 Woodmore Avenue
Louisville, Kentucky 40214

v.

TRANS UNION, LLC                                               DEFENDANT
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:      The Prentice Hall Corporation System
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Come the Plaintiffs, William H. Creasman, III and Sarah C. Creasman, and for their

Verified Complaint against the Defendant, Trans Union, LLC ("Trans Union"), state as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of

and Defendant's failure to investigate Plaintiffs' disputes regarding an alleged past due collections

account.

## II. PARTIES

2.     Plaintiff, William H. Creasman, III, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 141 Woodmore Avenue, Louisville, Kentucky 40214. Mr. Creasman is the spouse of Plaintiff, Sarah C. Creasman.

3.     Plaintiff, Sarah C. Creasman, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 141 Woodmore Avenue, Louisville, Kentucky 40214. Mrs. Creasman is the spouse of Plaintiff, William H. Creasman, III.

4.     Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5.     Defendant, Trans Union, is a is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

6.     Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

7.     Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

8.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

9.     In or around December 2016, Plaintiffs, who were in the process of attempting to secure mortgage financing, accessed their Trans Union credit reports and discovered a tradeline furnished by Plain Green, LLC which falsely states that Plaintiffs are in default on loans provided to Plaintiffs by Plain Green, LLC and that Plain Green, LLC has charged off the alleged balance due.

10.    Plaintiffs have never borrowed money from Plain Green, LLC or otherwise maintained any kind of business relationship with Plain Green, LLC.

11.    Immediately upon their discovery of the derogatory tradelines, Plaintiffs filed separate disputes with Trans Union requesting investigation and deletion of the Plain Green, LLC tradelines.

12.    Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Plain Green of the disputes at or within five (5) days of Trans Union receiving notice of the disputes from Plaintiffs.

13.    In or around January 2016, Plain Green and Trans Union verified the accuracy of the Plain Green tradelines.

14.    Trans Union's false reporting and its failure to investigate Plaintiffs' disputes have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to Trans Union's failure to properly investigate Plaintiffs' disputes.

## V. CLAIMS

### Negligence

15.    Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 14 as if fully set forth herein.

16.    Trans Union's failure to properly investigate Plaintiffs' disputes and its consequent failure to remove or amend the subject tradelines from Plaintiffs' Trans Union credit reports, despite Plaintiffs' lawful notice to Trans Union disputing the tradelines, was negligent.

17.    In failing to properly investigate Plaintiffs' disputes, Trans Union breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiffs.

18.    Trans Union's negligent failure to properly investigate Plaintiffs' disputes and its consequent failure to remove or amend the subject tradelines has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit ratings, and other compensatory and consequential damages.

19.    Trans Union's failure to properly investigate Plaintiffs' disputes and its consequent failure to remove or amend the subject tradelines, despite Plaintiffs' lawful disputes to Trans Union, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Defamation

20.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21.    Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Plain Green and other currently unknown entities and/or individuals who have accessed Plaintiffs' Trans Union credit reports, that Plaintiffs have a past due charged off credit account with Plain Green.  In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiffs.

22.    Trans Union's publication of false statements regarding Plaintiffs' creditworthiness and Plaintiffs' alleged delinquent debt amounts to defamation and defamation *per se* of the

Plaintiffs, entitling Plaintiffs to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

23.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24.     Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25.     Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports within a reasonable time following Trans Union's receipt of Plaintiffs' disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

27.     Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28.     Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29.     Trans Union's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports within a reasonable time following Trans Union's receipt of Plaintiffs' disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

30.     Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs, William H. Creasman, III and Sarah C. Creasman, respectfully demand the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY  40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Sarah C. Creasman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Sarah C. Creasman

COMMONWEALTH OF KENTUCKY )
                                                    ) SS
COUNTY OF JEFFERSON              )

Subscribed, sworn to and acknowledged before me by Sarah C. Creasman this 28th day of

Apru                , 2017 .

Shannon Manion
Notary Public

Commission expires: 08 - 19 - 2019

8

## VERIFICATION

I, William H. Creasman, III, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_William H. Creasman, III_
William H. Creasman, III


COMMONWEALTH OF KENTUCKY          )
                                                           ) SS
COUNTY OF JEFFERSON                     )

Subscribed, sworn to and acknowledged before me by William H. Creasman, III, this 28th day of April, 2017.

_Shannon Manion_
Notary Public

Commission expires: 08-19-2019

SHANNON MANION
NOTARY PUBLIC
STATE AT LARGE, KENTUCKY

7